1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRIAN KEITH BRIM,[1]          ) Case No. CV 16-5488-JPR
                              )
          Petitioner,         )
                              ) MEMORANDUM OPINION AND ORDER
          v.                  ) GRANTING RESPONDENT'S MOTION TO
                              ) DISMISS AND DISMISSING ACTION
PEOPLE OF STATE OF            ) WITH PREJUDICE
CALIFORNIA,                   )
                              )
          Respondent.         )

     On July 13, 2016, Petitioner constructively filed a Petition
for Writ of Habeas Corpus by a Person in State Custody and
accompanying memorandum of points and authorities.[2]  Petitioner

---

     [1]    Many of Petitioner's pleadings in state court refer to
him as "Bryant" Brim, not "Brian." (See, e.g., Lodged Docs. 1, 3,
4, 7.)  His pleadings in this case distinctly read Brian, however,
so the Court has used that name.

     [2]    The Court adopts the signature date of the Petition as
the constructive filing date.  See Houston v. Lack, 487 U.S. 266,
276 (1988) (pro se prisoner constructively files pleading when he
delivers it to prison authorities for mailing); Roberts v.
Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner
gives prison authorities a habeas petition or other pleading to
mail to court, the court deems the petition constructively 'filed'
on the date it is signed.").

1

is actually in federal custody (<u>see</u> Pet. at 1),[3] but his Petition challenges his 1988 conviction in Los Angeles County Superior Court by guilty plea for possessing a controlled substance for sale (<u>id.</u>).  Petitioner subsequently filed an "Election Regarding Consent to Proceed Before a United States Magistrate Judge," indicating that he voluntarily consented to "have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment."  On November 30, 2016, Respondent also consented to proceed before the undersigned.

On November 29, 2016, Respondent filed a motion to dismiss the Petition on numerous grounds, including that it was untimely by nearly two decades.  On December 15, 2016, Petitioner filed opposition to the motion.  Respondent did not file a reply.

For the reasons set forth below, the Court grants Respondent's motion to dismiss the Petition as untimely.  It therefore does not address Respondent's other arguments.[4]

---

[3]     Throughout, the Court uses the pagination provided by its Case Management/Electronic Case Filing system.

[4]     One of those arguments is that Petitioner is no longer in custody on the challenged conviction and thus that this Court lacks jurisdiction.  (Mot. Dismiss at 10-11.)  Although that is likely true (<u>see</u> Lodged Doc. 2 (state supreme court denying 2005 habeas petition with case citation signaling that it found petitioner no longer in custody on challenged conviction)), the record contains some ambiguity concerning whether Petitioner was subject to a parole term on the 1988 conviction and whether he has finished serving it (<u>see</u> Pet., Mem. P. & A. at 20 (trial court telling Petitioner that if he "should end up in state prison on this case . . . you will be on parole"), Lodged Doc. 1, Ex. 1 (sentencing Petitioner to state prison)).  If Petitioner remains subject to a parole term, he is "in custody."  See <u>Murguia v. Martel</u>, No. CV 09-
(continued...)

1

**BACKGROUND**

2      On June 30, 1988, Petitioner pleaded guilty to possessing

3 for sale a controlled substance. (See Pet'r's Mem. P. & A., Ex.

4 B (guilty-plea transcript)); see also Cal. Health & Safety Code

5 § 11351.  He was sentenced to two years' imprisonment.  (See

6 Lodged Doc. 1, Ex. 1 (abstract of judgment and sentencing

7 transcript).)  He did not appeal (Pet. at 1),[5] and on March 28,

8 1990, he completed serving his sentence and began a 14-month

9 federal sentence (Lodged Doc. 4 at 7; Lodged Doc. 1, Ex. 1).  On

10 April 26, 1996, he was convicted in federal court of various drug

11 offenses and was later sentenced to life in prison.  United

12 States v. Brim, No. SACV 93-cr-0098-LHM (C.D. Cal. filed July 26,

13 1993).  His federal life sentence was apparently enhanced because

14 of his drug convictions in this case. (See Lodged Doc. 1, Ex. 4

15 (portion of federal presentence report showing criminal-history-

16

17

18     [4](...continued)
3054-ODW(E), 2009 WL 4980282, at *2-3 (C.D. Cal. Dec. 16, 2009)

19 (finding petitioner "in custody" on challenged conviction when he
had served prison sentence on that conviction but had not yet

20 served mandatory parole term and remained incarcerated on
different conviction); cf. United States v. Monreal, 301 F.3d 1127,

21 1130, 1132 (9th Cir. 2002) (finding defendant in custody with
respect to challenged federal conviction when he had served prison

22 term on that conviction but had not yet served period of supervised
release and was incarcerated for different conviction).  Moreover,

23 contrary to Respondent's assertion (Mot. Dismiss at 11), Petitioner
does allude to being in custody based on an unexpired parole term

24 (see Opp'n at 5 ("Custody does not require incarceration; it
includes probation[,] parole and other significant restraints on

25 liberty.")).  Because the Petition is clearly untimely, the Court

26 need not decide the custody issue.

27     [5]    The Court's review of the California Appellate Courts

28 Case Information website confirms that Petitioner did not appeal
the judgment.

points calculation based on prior convictions); Lodged Doc. 7 at 8 (transcript of hearing on motion to vacate 1988 plea, noting that "two state convictions" were used to enhance federal sentence).)

Beginning in 2001, Petitioner filed a series of habeas petitions and other pleadings in state court challenging his 1988 convictions and sentence. (See Lodged Docs. 3, 6, 7 at 5 (superior court noting that Petitioner had challenged his 1988 guilty plea five times since 2001), 9; see also Mot. Dismiss at 8-9 (laying out history of such pleadings).)[6] His most recent round of such petitions alleged that he deserved to be resentenced under California's Proposition 47, codified at Penal Code section 1170.18, which gives state-court judges discretion to reduce certain felony convictions to misdemeanors. (See Lodged Docs. 9, 10, 11.) The state superior court ruled that Petitioner was ineligible for resentencing under section 1170.18 because possession-with-intent-to-sell convictions are statutorily barred from being reduced to misdemeanors. (See Lodged Doc. 9.) The court of appeal found that the superior court "properly denied" Petitioner's petition for resentencing (Lodged Doc. 10 at 2 (citing § 1170.18(b))), and the state supreme court summarily denied review (Lodged Doc. 12).

---

[6]     The Court's review of the California Appellate Courts Case Information website confirms that the earliest such petition Petitioner filed in the state court of appeal or supreme court was in 2002.

**PETITIONER'S CLAIMS**

I.    The trial court failed to inform Petitioner of the nature of the crime to which he pleaded guilty.  (Pet. at 4.)

II.    The court's participation in the "plea hearing" violated Federal Rule of Criminal Procedure 11.  (<u>Id.</u>)

III. No factual basis for the guilty plea existed.  (<u>Id.</u> at 5.)

IV.    Petitioner's guilty plea was "ambiguous."  (<u>Id.</u>)[7]

**DISCUSSION**

**I.    The Petition Is Untimely and Must Be Dismissed on that Basis**

A.    <u>Applicable Law</u>

The Antiterrorism and Effective Death Penalty Act sets forth a one-year limitation period for filing a federal habeas petition and specifies that the period runs from the latest of the following dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an

---

[7]    As noted, Petitioner's most recent state-court filings focused on his request to be resentenced under Proposition 47, section 1170.18.  The claims in the Petition, on the other hand, address the factual basis for why he contended in state court that he deserved to be resentenced and do not directly concern section 1170.18.  To the extent the Petition could be interpreted as raising the same claims as in his recent round of state-court petitions, it might not be untimely, but the claims would not be cognizable on federal habeas review.  <u>See, e.g.</u>, <u>Givens v. Muniz</u>, No. 2:16-cv-00249 TLN AC P, 2017 WL 387258, at *3 (E.D. Cal. Jan. 26, 2017) (citing cases holding that claims challenging denial of resentencing under section 1170.18 are not cognizable on federal habeas review and so holding).

application created by State action in violation of the
Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State
action;

   (C)   the date on which the constitutional right
asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on
collateral review; or

   (D)   the date on which the factual predicate of the
claim or claims presented could have been discovered
through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA extended the limitation period for
those whose convictions became final before its enactment in 1996
to one year after its effective date – or until April 24, 1997.
See United States v. Gamboa, 608 F.3d 492, 493 n.1 (9th Cir.
2010).

   AEDPA includes a statutory tolling provision that suspends
the limitation period for the time during which a properly filed
application for postconviction or other collateral review is
pending in state court.  § 2244(d)(2); see Waldrip v. Hall, 548
F.3d 729, 734 (9th Cir. 2008).  In addition to statutory tolling,
federal habeas petitions are subject to equitable tolling of the
one-year limitation period in appropriate cases.  Holland v.
Florida, 560 U.S. 631, 645 (2010).  Determining whether equitable
tolling is warranted is a fact-specific inquiry.  Frye v.
Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (as amended).  The
petitioner must show that (1) he has been pursuing his rights

1  diligently and (2) some extraordinary circumstance stood in his
2  way and prevented timely filing.  Holland, 560 U.S. at 649.

3      As to both statutory and equitable tolling, a petitioner
4  bears the burden of demonstrating that AEDPA's limitation period
5  was sufficiently tolled.  Pace v. DiGuglielmo, 544 U.S. 408, 418
6  (2005) (equitable tolling); Smith v. Duncan, 297 F.3d 809, 814
7  (9th Cir. 2002) (as amended) (statutory tolling), abrogation on
8  other grounds recognized by Moreno v. Harrison, 245 F. App'x 606,
9  608 (9th Cir. 2007).

10     B.   Limitation Period

11     Under California law in effect at the time of Petitioner's
12  conviction, an appeal — for which Petitioner would likely have
13  needed a certificate of probable cause — had to be filed within
14  60 days of judgment.  See Cal. R. Ct. 31 (repealed).  Petitioner
15  did not appeal his convictions.  (See Pet. at 1.)  Consequently,
16  "the date on which the judgment became final by conclusion of
17  direct review or the expiration of the time for seeking such
18  review" was sometime in early 1989, 60 days after he was
19  sentenced, in February 1989.  § 2244(d)(1)(A); (see Lodged Doc.
20  1, Ex. 1).  Although Petitioner's one-year limitation period
21  would normally have begun to run then, AEDPA extended the end of
22  the limitation period to April 24, 1997, for those convicted
23  before its enactment.  Gamboa, 608 F.3d at 493 n.1.  Petitioner
24  did not file his federal Petition until nearly two decades later.
25     Unless Petitioner can show a later accrual date under
26  § 2244(d)(1)(B), (C), or (D) or statutory or equitable tolling of
27  the limitation period, his Petition must be dismissed as
28  untimely.

7

C.   <u>Later Accrual Date</u>

Petitioner does not point to any State-created impediment that prevented him from earlier raising his claims, nor does he rely on a newly recognized constitutional right. Thus, he is not entitled to a later trigger date under § 2244(d)(1)(B) or (C).

As for § 2244(d)(1)(D), Petitioner's claims all center on his contention that he never pleaded guilty to possession for sale of a controlled substance but rather only to straight possession. He rests his argument on the allegedly ambiguous nature of a portion of the plea colloquy:

> THE COURT: Are you pleading guilty because you possessed cocaine for sale on February 22nd, 1987? Did you? Did you possess the cocaine with the intent to sell it?
>
> THE DEFENDANT: I possessed it.
>
> THE COURT: Pardon?
>
> THE DEFENDANT: Huh-uh, (Negative).

(Pet., Mem. P. & A. at 3, 21; <u>see also</u> <u>id.</u> at 3-10 (memorandum's argument section, resting on quoted portion of plea colloquy).) The trial court did not follow up on this point with Petitioner.

But these facts were necessarily known to Petitioner as soon as he pleaded guilty. Accordingly, he is not entitled to a later trigger date under § 2244(d)(1)(D), either. <u>See</u> <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that limitation period begins running when petitioner knows or through diligence could have discovered important facts, not when he recognizes their legal significance).

For all these reasons, Petitioner is not entitled to a later trigger date of the limitation period.

8

### D. Statutory Tolling

Petitioner is not entitled to any statutory tolling because he did not file his first state-court habeas petition until December 2001 (see Lodged Doc. 3 at 2), more than four years after the limitation period had expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed" even if state petition was timely filed).

Accordingly, statutory tolling does not render the Petition timely.

### E. Equitable Tolling

Petitioner has not offered any basis for equitable tolling, as was his burden, and the record reveals none. In 2009, in ruling on one of Petitioner's challenges to his sentence, the state court of appeal noted that he had offered no explanation for his years of delay in bringing his claim. (Lodged Doc. 3 at 4.) And in his opposition to the motion to dismiss, Petitioner does not even address the timeliness of the Petition. Accordingly, equitable tolling cannot save the Petition.

## II. Conclusion

The Petition is untimely by nearly 20 years and must be denied on that basis. The Court therefore does not address Respondent's other arguments for why it should be dismissed.[8]

---

[8]   To the extent the Petition can be interpreted to claim that Petitioner is "actually innocent" of his crimes of conviction, he still cannot escape the timeliness bar. A petitioner seeking to proceed under the actual-innocence exception must present new evidence demonstrating his innocence. See Schlup v. Delo, 513 U.S.

**ORDER**

IT IS ORDERED that Respondent's motion to dismiss the Petition is granted and Judgment be entered denying the Petition and dismissing this action with prejudice.


DATED: February 10, 2017            _Jean Rosenbluth_

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

298, 324 (1995).  Petitioner has presented no evidence of any kind demonstrating that he is actually innocent; he claims merely a defect in his plea proceeding.

10